SHANNON LISS-RIORDAN (SBN 310719)
(sliss@llrlaw.com)
BRADLEY MANEWITH (*pro hac vice* forthcoming)
(bmanewith@llrlaw.com)
LICHTEN & LISS-RIORDAN, P.C.
729 Boylston Street, Suite 2000
Boston, MA 02116
Telephone:     (617) 994-5800
Facsimile:      (617) 994-5801

*Attorneys for Plaintiff Christina Gadala,
on behalf of herself and all others similarly situated*

**UNITED STATES DISTRICT COURT**
**NORTHERN DISTRICT OF CALIFORNIA**
**SAN FRANCISCO DIVISION**

| | |
|---|---|
| CHRISTINA GADALA, on behalf of herself and all others similarly situated,<br><br>Plaintiff,<br><br>v.<br><br>TWITTER, INC. and TEKSYSTEMS, INC.<br><br>Defendants | Case No. 3:23-cv-1595<br><br>**CLASS ACTION COMPLAINT AND JURY DEMAND**<br><br>1. VIOLATION OF WARN ACT (29 U.S.C. §§ 2101 *ET SEQ.*)<br><br>2. VIOLATION OF CALIFORNIA WARN ACT (CAL. LAB. CODE §§ 1400 *ET SEQ.*) |

## I. INTRODUCTION

1. Plaintiff Christina Gadala files this Class Action Complaint against Defendants Twitter, Inc. ("Twitter") and TEKsystems, Inc. ("TEKsystems"), on her own behalf and on behalf of other similarly situated employees, challenging Defendants' violation of the federal Worker Adjustment and Retraining Notification Act, 29 U.S.C. § 2101 *et seq.* (the "federal WARN Act") and, for those employees who were hired through TEKsystems's office in California and/or worked in California, the California WARN Act, Cal. Lab. Code § 1400 *et seq.* (the "California WARN Act").

2. As described further below, Plaintiff, along with numerous other similarly situated employees, were employed by Twitter through TEKsystems, an employee staffing company. While these employees were classified as employees of TEKsystems, the duties that they performed for Twitter were indistinguishable from the employees who were employed directly by Twitter. Twitter referred to these employees as its "contingent workforce."

3. Multi-billionaire Elon Musk purchased Twitter in October 2022 and immediately began laying off more than half its workforce. On November 12, 2022, Twitter laid off numerous employees across the country who worked for Twitter and were paid through TEKsystems, including Plaintiff, without providing them with the required notice under the federal or California WARN Act or any payment in lieu of notice.

## II. PARTIES

4. Plaintiff Christina Gadala is an adult resident of Miami, Florida. Plaintiff Gadala worked for Twitter, and was paid through TEKsystems, as a Senior Scala Engineer. She worked remotely but was hired by Twitter through TEKsystems' office in San Francisco, California. She worked for Twitter from approximately June 1, 2021, until she was laid off on November 12, 2022.

5. Plaintiff brings this lawsuit as a Rule 23 class action on behalf of all affected employees who were employed by Twitter and paid through TEKsystems and were terminated in connection with Elon Musk's slashing of Twitter's workforce, across the United States.

6. Defendant Twitter, Inc. ("Twitter") is a Delaware corporation, headquartered in San Francisco, California.

7. Defendant TEKsystems, Inc. ("TEKsystems"), is a Maryland corporation, headquartered in Hanover, Maryland. It has multiple offices located in this District, including an office in San Francisco, California.

### III. JURISDICTION

8. This Court has jurisdiction over this proceeding pursuant to 28 U.S.C. § 1331 and 29 U.S.C. § 2104(a)(5).

9. This Court has supplemental jurisdiction under 28 U.S.C. § 1367 over Plaintiff's state law claim, because that claim derives from a common nucleus of operative facts with Plaintiff's federal claim.

10. This Court has personal jurisdiction over Twitter, as it is headquartered in this District and conducts substantial business operations in this District.

11. This Court has personal jurisdiction over TEKsystems, as it has multiple offices in this District, including one in San Francisco, California, and conducts substantial business operations in this District.

### IV. STATEMENT OF FACTS

12. Twitter is a social media company that employs thousands of people across the United States.

13. In addition to individuals employed directly by Twitter, Twitter has employed many employees who are paid through a staffing company, TEKsystems. There is no distinction between the work performed by Twitter's direct employees and the work performed by the individuals whom Twitter paid through TEKsystems. Twitter dealt directly with these employees throughout the hiring process, including interviewing them and negotiating their compensation. These employees were directly supervised by Twitter managers, were assigned to Twitter offices, and Twitter provided the equipment they used for work. Twitter also provided these employees with Twitter email addresses and expected them to follow Twitter's policies.

14. As part of the hiring process, Plaintiff signed an agreement titled "All Hours Employment Contract (California Only)" that identified her role as Senior Scala Engineer at Twitter. She was instructed to return a signed copy of the agreement prior to starting work at Twitter to: TEKsystems, 221 Main St. Suite 200, San Francisco, CA 94105.

15. Plaintiff's interactions with TEKsystems primarily involved communications with the company's recruiter and account manager, who were located in San Francisco, California. Plaintiff had minimal, if any, contact with any TEKsystems' office besides the San Francisco office. Thus, for purposes of TEKsystems, she reported to its San Francisco, California office.

16. The employees Twitter paid through TEKsystems were not temporary employees. Defendants routinely told these employees that it was their intention that they would be (or have the opportunity to be) transitioned to direct Twitter employees.

17. In April 2022, it was announced that multi-billionaire Elon Musk would be purchasing Twitter.

18. Following Elon Musk's purchase of Twitter in late October 2022, Musk immediately began a mass layoff that has affected well more than half of Twitter's workforce. See Kate Conger, Ryan Mac, and Mike Isaac, Confusion and Frustration Reign as Elon Musk Cuts Half of Twitter's Staff, NEW YORK TIMES (November 4, 2022), https://www.nytimes.com/2022/11/04/technology/elon-musk-twitter-layoffs.html; Kate Conger, Ryan Mac, and Mike Isaac, In Latest Round of Job Cuts, Twitter is said to Layoff at Least 200 Employees, NEW YORK TIMES (February 26, 2023), https://www.nytimes.com/2023/02/26/technology/twitter-layoffs.html; Ryan Morrison, Twitter 'lays off 10% of its global workforce' in Elon Musk's latest job cuts, TECHMONITOR (February 27, 2023, updated March 9, 2023) ("The Company's headcount is down 75%."), https://techmonitor.ai/policy/digital-economy/twitter-job-cuts-elon-musk.

19. Twitter began its mass layoff by terminating thousands of employees who Twitter employed directly during late October and early November 2022.

20. Then, beginning on November 12, 2022, Twitter began laying off its employees who were paid through TEKsystems.

21. Plaintiff, like other Twitter employees who were paid through TEKsystems, was abruptly laid off on or about November 12, 2022. While some Twitter employees who were paid through TEKsystems received an email stating that they were being laid off, others, like Plaintiff did not. The employees' access to Twitter's systems, including but not limited to their Twitter email account and the Company's Slack messaging, was cut off without any notice.

22. Defendants did not give 60 days advance written notice to the employees paid through TEKsystems who Twitter laid off, as required by the federal and California WARN Acts. Nor were the affected employees given pay in substitution for federal and California WARN Act notice.

23. These layoffs of employees who were paid through TEKsystems are part of the same mass layoffs affecting employees directly employed by Twitter. Twitter is a joint or single employer of the employees who were paid through TEKsystems, and thus Twitter is likewise responsible for complying with federal and state labor laws protecting these employees, including the federal and California WARN Acts.

## COUNT I
### Federal WARN Act

Plaintiff and other affected employees who have worked for Twitter and been paid through TEKsystems have been entitled to the rights, protections, and benefits provided under the federal WARN Act, 29 U.S.C. § 2101 et. seq. 24. Defendants are subject to the notice and back pay requirements of the federal WARN Act because Twitter and TEKsystems are business enterprises that employed 100 or more employees, excluding part-time employees, and/or, employed 100 or more employees who in the aggregate work at least 4,000 hours per week (exclusive of overtime), as defined in the WARN Act. 29 U.S.C. §§ 2101(1)(A) and(B). Defendants have conducted mass layoffs but have not provided affected employees with the required notice under the federal WARN Act.

## COUNT II
### California WARN Act

Plaintiff and other affected employees who have worked for Twitter and paid through TEKsystems have been entitled to the rights, protections, and benefits provided under the California WARN Act, Cal. Lab. Code § 1400 *et seq.*  Defendants are subject to the notice and back pay requirements of the California WARN Act because Twitter and TEKsystems are business enterprises that employed 75 or more employees, as defined in the California WARN Act, Cal. Lab. Code § 1400(a).  Defendants are conducted mass layoffs but have not provided affected employees with the required notice under the California WARN Act.

## JURY DEMAND

Plaintiff requests a trial by jury on these claims.

WHEREFORE, Plaintiff requests that this Court enter the following relief:

a. Declare and find that the Defendants have violated the federal WARN Act, 29 U.S.C. § 2101 *et seq.*, and the California WARN Act, Cal. Lab. Code §§ 1400 *et seq.*;

b. Certify this case as a class action;

c. Award compensatory damages and penalties, in an amount according to proof;

d. Award pre- and post-judgment interest;

e. Award reasonable attorneys' fees, costs, and expenses; and

f. Award any other relief to which Plaintiff and other similarly situated employees may be entitled.

|   |   |
|---|---|
|   | Respectfully submitted, |
|   | ANGELICA GADALA, on behalf of herself and all others similarly situated, |
|   | By her attorneys, |
|   | /s/ Shannon Liss-Riordan<br>Shannon Liss-Riordan, SBN 310719<br>Bradley Manewith (*pro hac vice* forthcoming)<br>LICHTEN & LISS-RIORDAN, P.C.<br>729 Boylston Street, Suite 2000<br>Boston, MA 02116<br>(617) 994-5800<br>Email:  sliss@llrlaw.com; bmanewith@llrlaw.com |

Dated:      April 4, 2023